# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VERDA ROBERTS,

        Petitioner,                                              Case Number: 17-10698
                                                                                    Honorable Linda V. Parker

v.

J.A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Verda Roberts, presently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is awaiting transportation to the State of Oregon to face a criminal charge pending against him there. He was detained by Michigan State Police on January 21, 2017. His extradition hearing was conducted on February 24, 2017 in the Third Judicial Circuit Court of Michigan, and he was ordered extradited to Oregon. *See Michigan v. Roberts*, No. 17-000628-01-AX. Petitioner argues that the State of Oregon failed to take custody of Petitioner within the time allowed in the extradition order and that the Portland, Oregon Police Department improperly contracted with the United States Marshals Service to

transport him to Oregon. The Court finds that Petitioner has not exhausted his state court remedies and dismisses the petition without prejudice.

## I.

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2241. Upon the filing of a habeas corpus petition, the district court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the court determines that the petitioner is not entitled to relief, the court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The Rules Governing Section 2254 cases may be applied at the discretion of the district court judge to petitions under habeas statutes in addition to § 2254. Rule 1(b), Rules Governing Section 2254 Cases.

Title 28 U.S.C. § 2241 confers upon federal courts jurisdiction to consider pretrial habeas corpus petitions. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). However, "courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Id.* Abstention from intrusion into state court proceedings is justified by the doctrine of comity

which reduces friction between state and federal court systems by providing state courts the opportunity to correct a constitutional violation in the first instance. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). The requirement that a habeas petitioner exhaust state court remedies before seeking relief in federal court "protect[s] the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F. 2d at 546.

Petitioner has not alleged that he has exhausted his state-court remedies concerning the extradition proceedings. Michigan and Oregon have enacted the Uniform Criminal Extradition Act (UCEA). Mich. Comp. Laws § 780.1 *et. seq.*; Or. Rev. Stat. § 133.743 *et seq.* The UCEA establishes extradition procedures "to facilitate the administration of justice between states." *Barton v. Norrod*, 106 F.3d 1289, 1295 (6th Cir. 1997). Under Michigan law, a person who has been arrested in accordance with another State's warrant may apply for a writ of habeas corpus in the state courts. The law states:

> No person arrested upon such warrant shall be delivered over to the agent whom the executive authority demanding him shall have appointed to receive him unless he shall first be taken forthwith before a judge of a court of record in this state, who shall inform him of the demand made for his surrender and of the crime with which he is charged, and that he has the right to demand and procure legal counsel; and if the prisoner or his counsel shall state that he or they desire to test the legality of his arrest, the judge of such court of record shall fix a reasonable time to be allowed him within which to apply for a writ of habeas corpus. When such writ is applied for,

> notice thereof, and of the time and place of hearing thereon, shall be given to the prosecuting officer of the county in which the arrest is made and in which the accused is in custody, and to the said agent of the demanding state.

Mich. Comp. Laws § 780.9. "The validity of the detention of a person held under the executive authority is properly tested on habeas corpus." *People v. Rayborn*, 18 Mich. App. 468, 472, 171 N.W.2d 460, 461-62 (Mich. Ct. App. 1969). Petitioner bears the burden of showing exhaustion of state court remedies. *Nali v. Phillips*, 681 F.3d 837, 852 (6th Cir. 2012). Petitioner fails to satisfy that burden because he fails to allege that he has pursued state habeas corpus relief. The Court will dismiss the petition so the petitioner can exhaust his state court remedies.

## II.

Accordingly, the Court **DISMISSES** the petition for a writ of habeas corpus. (ECF No. 1.)

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.  See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  Reasonable jurists would not debate the correctness of the Court's ruling.  Accordingly, the Court **DENIES** a certificate of appealability.

    **IT IS SO ORDERED**.

                                            s/ Linda V. Parker  
                                            LINDA V. PARKER  
                                            U.S. DISTRICT JUDGE

Dated: April 24, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 24, 2017, by electronic and/or U.S. First Class mail.

                                            s/ Richard Loury  
                                            Case Manager